FREDERIC W. HARMON *vs.* HARTSON HARMON.

*Duress, what is.*

Mere threats of criminal prosecution do not constitute duress without threats of immediate imprisonment.

The threats of personal injury which the law considers duress are such as constitute an impending danger to life, or of serious bodily harm sufficient to overcome the will of a man of ordinary firmness.

ON EXCEPTIONS.

ASSUMPSIT to recover fifty dollars, alleged to have been paid under threats of personal injury and of criminal prosecution. The parties formerly owned a mill together, the plaintiff owning three-fourths and the defendant one-fourth. In the fall of 1869 the mill was burned, and the plaintiff collected $300.00, insured thereon; of this sum the defendant claimed one-quarter as being upon his interest. The plaintiff testified that Hartson came to his house and demanded it. "He ripped and swore very bad, damned me, and G—d d—d me. That scared me, for he is a man I haven't heard speak a wicked word for a great many years. I went out into the shed and he followed me out there, talking tremendous to me; he said he would have me in jail before night and he would have the handcuffs on me, for I had burned the

mill, and he would have the insurance. As he followed me out he had his knife whittling this way [illustrates] as quick as I ever saw anybody, and come up close to me. I started off from him and begged him to keep away from me." The witness went on to say the same language and threats were repeated until (as he says) "My son William came and put his hand on to me and led me off into the other room, and said it was best to have it settled. I told him that I should never settle it, in no way, thinking I owed him a copper, but for some particular reasons I consented to let him have $50.00. When I placed the bill upon the table I told him I would let him have $50.00, not that I owed it to him, or anything of the kind, but for sake of saving my wife's life. . . He said I burned the mill; that he had seen three responsible men who saw me set that mill on fire. If he hadn't gone as far as that I shouldn't have let him have any money, but I found she could not stand it." This evidence was substantially corroborated by plaintiff's wife, and his counsel contended that this constituted such duress as would enable him to recover the money so paid. Upon this point the jury were instructed as follows: "Duress must necessarily be one of two kinds. It either refers to threats or to imprisonment. There is no pretence of imprisonment here, of any kind; therefore that is laid out of the case. There is something said about threats of prosecution. That you may also lay out of the case; for a party, if he settles under a threat of prosecution, cannot recover it back in a case of this kind. This duress, or settlement under duress, must be done to relieve himself from some impending danger that hangs over him at the time, or some absolute imprisonment, which I have told you does not exist in this case. Now, was there any impending danger at that time? The plaintiff must satisfy you that there was; that there was absolute danger of serious bodily harm, either of losing his life, or a limb, or serious danger to his person on that occasion. If the testimony fail to satisfy you of that point, then the plaintiff cannot recover on this ground, because he is not to pay over his money under any less danger than that."

To these instructions the plaintiff excepted.

Harmon v. Harmon.

*E. F. Pillsbury* and *W. P. Whitehouse*, for plaintiff.

Threats of imprisonment may amount to duress. 1 Coke on Lit. 253, 6, § 419; 2 Coke's Inst. 483; 1 Sheppard's Touchstone, 61; Story on Cont. § 91; *Eddy* v. *Herrin*, 17 Maine, 338; *Whitefield* v. *Longfellow*, 13 Maine, 146; *Foshay* v. *Ferguson*, 5 Hill, 154; *Taylor* v. *Jacques*, 106 Mass. 291.

*Baker & Baker*, for defendant.

There was no evidence of threats of personal injury; had there been the instruction that "there must be danger of serious bodily harm" was correct. 1 Parsons on Cont. 393, 394, and cases there cited. Where no warrant has been obtained, a mere threat of prosecution cannot be such immediate and impending danger as will coerce the payment of money. *Taylor* v. *Jacques* is not law in Maine. *Eddy* v. *Herrin*, 17 Maine, 338.

DANFORTH, J. No question is raised in this case except under the second count in the writ, which is for money paid under an alleged duress, arising from threats of a criminal prosecution and personal injury. The first instruction excepted to is that a threat of prosecution does not constitute duress. In this we see no error. Bacon, in his Abridgment, Vol. 2, p. 156, referring to Lord Coke, says: "That for menaces, in four instances, a man may avoid his own act. 1. For fear of loss of life; 2. Of loss of member; 3. Of mayhem; 4. Of imprisonment." A prosecution cannot come under either of the items of personal violence; unless, therefore, it implies imprisonment it cannot constitute duress. All the cases to which our attention has been directed, or which after considerable research we have been able to find, hold threats of prosecution sufficient to avoid an act only as they are connected with threats of imprisonment, either illegal in its beginning, or which by abuse becomes illegal. There must be imprisonment, or a fear of it, sufficient to overcome the will of a man of ordinary firmness and constancy. Coke says it is the fear of imprisonment "that sufficeth to avoid a bond or a deed." In *Whitefield* v. *Long-*

*fellow*, 13 Maine, 146, and *Eddy* v. *Herrin*, 17 Maine, 338, it is held that there must be an unlawful imprisonment or a reasonable fear of it. In both of these cases a warrant for the arrest of the threatened party had been procured. To the same effect is 2 Kent's Com. 453 ; Story's Pl. 249, 250 ; 2 Greenleaf's Ev. § 301 and note ; 1 Parsons on Cont. 393, 394.

The two cases mainly relied upon in argument are clearly distinguishable from this. In *Foshay* v. *Ferguson*, 5 Hill, 154, the threat relied upon is that of arrest upon a real or pretended warrant and not simply of prosecution. In *Taylor* v. *Jacques*, 106 Mass. 291, the threat was not only of a prosecution, but of an immediate imprisonment, and on a warrant alleged to have been already procured. In this last case the jury were instructed, substantially, that duress must be by unlawful imprisonment, or by threats of imprisonment, inducing a reasonably grounded fear of restraint of liberty. This instruction was held to be substantially correct, and the exceptions on this point were sustained only on the ground that the jury were subsequently told that an admission of indebtedness, on the part of the defendant, to the amount claimed, or to part of that amount, and a liability to indemnify the plaintiffs for damages he had caused them, for the balance, would repel the inference of duress, although indicated by the other facts in the case. This case cannot properly be cited as authority to show that anything short of illegal imprisonment, or a well-grounded fear of it, will constitute duress.

It should be observed that in the case at bar no instructions were given and none asked as to the effect of threats of imprisonment. If the case required such the counsel should have asked them, and in the absence of such request exceptions will not be sustained, unless the rule of law given is erroneous. Some of the testimony in the case may have a tendency to prove threats of imprisonment, but none connected with a prosecution, or growing out of a warrant already obtained or even threatened. There is in the case no allusion to any precept issued or to be issued. A threat of prosecution simply, before the commencement of any le-

gal proceedings, does not necessarily include an arrest. It is no more than an assertion that the proper steps will be taken to institute a legal process, which may or may not result in an arrest of the person. And whether the process is to be initiated before a magistrate or the grand jury, the law so shields it by the oath of the complainant and witnesses, as well as the official oaths and responsibilities of the magistrate and jurors, that the danger of imprisonment from such a threat is too remote and contingent to overcome the will of an innocent person of common firmness.

Another answer to this exception is that the instruction was not material. If from the testimony it can, by any possibility, be inferred that there were any threats of criminal prosecution, it does not appear that the plaintiff's will was overcome by them, but quite the contrary. According to his own testimony, if his will was overcome by anything other than a submission to a claim of an amount due, it was by the danger of personal injury, or rather the effect of the violence manifested upon his wife. It is true an act done to relieve the wife from duress may be avoided; but this case is not put upon that ground. All the duress complained of is upon the plaintiff himself.

The second instruction complained of, that of threats of personal injury, seems to be abandoned in the argument. But if not, it is in accordance with all the authorities. It is true that the later authorities have somewhat modified the older, requiring a less degree of personal injury than formerly to justify a man in yielding for the time, still all hold that there must be an apparent danger of serious bodily harm. 1 Parsons on Cont. 393; 2 Greenleaf on Ev. § 301 and note. *Exceptions overruled.*

APPLETON, C. J.; CUTTING, DICKERSON, VIRGIN, and PETERS, JJ., concurred.