WILLIAMS *v.* STEWART, tax-collector, and *vice versa.*

1. Where an officer not authorized to issue a warrant notifies a person that he will have him arrested on a warrant and prosecuted unless he pays a certain tax, and such person, because of such threat, pays the tax, the payment is voluntary, under the Civil Code, § 3723, and the money paid can not be recovered.
2. A petition seeking to recover money so paid is subject to demurrer, although it alleges that such payment was made under an urgent and immediate necessity therefor and to prevent an immediate seizure of the plaintiff's person and property. These averments are but conclusions of law, and can avail nothing where it appears that the facts upon which they are based make the payment a voluntary one.

Submitted May 1, — Decided July 18, 1902.

Complaint. Before Judge Reid. City court of Atlanta. November 9, 1901.

*James Davison,* for plaintiff, cited 2 Desty, Tax. 799; 6 Am. & Eng. Enc. L. 85, 86; 98 U. S. 541; 68 *Ga.* 122; 107 *Ga.* 420; Civil Code, §§ 3723, 3536.

*Culberson, Willingham & Johnson* and *Boykin Wright,* for defendant, cited 66 *Ga.* 31; 68 *Ga.* 123; 89 *Ga.* 154; 107 *Ga.* 416; 6 Am. & Eng. Enc. L. 65, 66; 10 Id. (2d ed.) 330; 34 Ala. 400; 12 Pick. 12; 4 Met. (Mass.) 181; 14 Pac. 564.

SIMMONS, C. J. Suit was brought by Williams against Stewart, tax-collector of Fulton county; to recover $500 which he alleged he had paid Stewart under duress. The petition alleged that Stewart demanded of him the $500 as a special tax upon him as an emigrant agent; that he was not such an agent and was not subject to the tax; that he refused to pay the tax until Stewart notified him that, unless he paid it, Stewart would have a warrant issued against him and prosecute him for a misdemeanor. Plaintiff paid the money under this threat. The petition alleged that the money so paid was paid under an urgent and immediate necessity, and to prevent an immediate seizure of plaintiff's person and property.

The defendant filed a demurrer, which was sustained by the court. Williams excepted.

Under the Civil Code, § 3723, "Payments of taxes or other claims, made through ignorance of the law, or where the facts are all known, and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party, are deemed voluntary, and can not be recovered back, unless made under an urgent and immediate necessity therefor, or to release person or property from detention, or to prevent an immediate seizure of person or property. Filing a protest at the time of payment does not change the rule." Under this section it was incumbent on the plaintiff to show that the payment was made to prevent his immediate arrest or the immediate seizure of his property. Under the statute imposing the tax upon emigrant agents, certain violations of the statute are made penal, but the tax-collector is given no unusual power to enforce its terms. The mere fact that the tax-collector, who has no authority to issue a warrant or to make an arrest with or without warrant, notifies a person that he will have a warrant issued and the person prosecuted unless he pays the tax, is not sufficient to constitute duress under the code. Under such a threat the danger to the person threatened is not urgent or immediate. It may have been an idle threat on the part of the tax-collector, or he might have reconsidered upon an investigation of the law; for the law was at that time that the person against whom the tax was assessed should not be prosecuted for not paying the tax until after he had registered as an emigrant agent. It was only after he had registered as such agent, and then failed to pay the tax, that he could be prosecuted for the non-payment of the tax, although before registry he might have been prosecuted for his failure to register. No warrant appears to have been issued against the plaintiff for any offense, and the allegations of his petition show that there was no urgent or immediate necessity for paying the tax or any immediate danger of the seizure of his person or property. It is true that the petition alleges that there was such a necessity, and that the tax was paid to prevent the immediate seizure of his person and property; but the court below properly held that these averments were merely conclusions of the pleader, which were not justified by the facts on which they were based. The demurrer did not admit the conclusions of law set out

in the petition, but admitted only the matters of fact which were well pleaded. Accordingly there was no error in the ruling of the court below, sustaining the demurrer of the defendant.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. All the Justices concurring, except Lewis, J., absent.*