### 84.  BOND *et al. v.* KIDD.

1. When duress is relied upon to defeat a contract, the facts set out in the plea must be sufficient to show duress in law.

2. A plea alleging that the notes sued on were given by the defendant to the plaintiff through fear of the threatened prosecution and imprisonment of the former by the latter on some "pretended charge, or some pretended crime which the defendant had not committed," did not set forth facts which in law amounted to duress.

3. A threat of arrest, imprisonment, and prosecution does not constitute duress, unless the person so threatened is charged with having committed an act or acts constituting a crime or misdemeanor.

Complaint, from city court of Elberton—Judge Proffitt. May 16, 1906.

Submitted February 11,—Decided May 16, 1907.

*J. F. L. Bond, J. N. Worley,* for plaintiffs in error.

*A. G. & Julian McCurry,* contra.

HILL, C. J.   Kidd brought suit on three promissory notes, in the city court of Elberton, against Bond as maker, and Bond and Sartain as sureties.   All of the defendants pleaded, that the notes were without consideration, and were made by the principal defendant and delivered to the plaintiff under duress.   The plaintiff demurred to the pleas, (1) because the facts set up as constituting duress were not sufficient to show duress in law; and (2) because the notes were signed by the sureties with full knowledge of the facts relating to the alleged duress, and they were therefore legally bound.   The court sustained the demurrer, and, on the introduction of the notes, directed a verdict for the plaintiff.

The question presented for our decision is, do the facts set out in the plea constitute duress, in law?   Soon after the notes sued on were given, the maker filed an equitable petition in the superior court, alleging that the notes were obtained by Kidd under threats of criminal prosecution and duress; and prayed that he be enjoined from transferring the notes, and that they be declared void and delivered up and cancelled.   The case came to the Supreme Court, on a judgment sustaining a demurrer to the petition, on the ground that the facts stated in the petition did not in law constitute duress; and that court affirmed the judgment.   *Bond* v. *Kidd,* 122 *Ga.* 812.   The pleas interposed to prevent the collection of the notes were evidently framed for the purpose of avoiding this decision of the Supreme Court, and the facts claimed to be sufficient to show duress are somewhat elaborated, but we do not think they are materially strengthened.   Indeed the facts relied upon in the original plea of the principal defendant are substantially the same as in the equitable petition. An amendment to this plea, which was allowed, sets up the facts most strongly relied upon to constitute the defense of duress. These facts are substantially as follows:   At the time defendant signed the notes sued on, the plaintiff claimed that the defendant had driven a horse, which the plaintiff had hired to him to make a

trip into Madison county, six miles further than he had agreed, and that in doing so he had committed a misdemeanor punishable by law; and the plaintiff told the defendant that he had thought of sending the sheriff after him and having him arrested and placed in jail, but had concluded to come himself first and see if they could not fall upon some plan of settlement, and, in the event of failing to get a settlement for the horse and buggy, then he would have the defendant arrested for a misdemeanor and placed in jail. Defendant was ignorant of the law and was fifteen miles from a lawyer to whom he could apply for legal advice, and fearing that the threat of the plaintiff would be immediately carried out, and that he would be imprisoned under some pretended charge or for some pretended crime, he gave the notes sued on. Defendant had committed no crime, and the plaintiff knew that fact, but made the threats for the purpose of scaring the defendant into giving said notes. The threats did frighten him, and in order to get rid of immediate arrest and imprisonment he gave the notes. These threats so frightened and confused the defendant that he was not himself, and could not exercise his good judgment and determine for himself whether he owed or did not owe the plaintiff for the horse and buggy, or whether he could do any other thing than sign the notes, and in this frame of mind he did sign them; and the notes are not his contracts, but are the contracts of the plaintiff, signed by the defendant under the fear of immediate arrest, prosecution, and imprisonment, for a pretended crime he had not committed. In the original plea it was stated, that the notes were given in payment for a horse and buggy which the defendant had hired from the plaintiff; that, while in the possession of the defendant, the horse became frightened at a dog, and, notwithstanding defendant's strenuous efforts to hold him, ran away, and the horse was drowned, and that the buggy was carried down the river, but was afterwards recovered and delivered to the plaintiff; for which he gave the defendant a credit of $15.

Do these facts constitute duress in law? For when duress is relied upon to defeat a contract, facts sufficient to show duress must be pleaded. *Bond* v. *Kidd,* 122 *Ga.* 812; *Carswell* v. *Hartridge,* 55 *Ga.* 412. The Civil Code, §3536, declares, that "Duress consists in any illegal imprisonment or legal imprisonment used

for an illegal purpose, or threats of bodily or other harm, or other means amounting to or tending to coerce the will of another, and actually inducing him to do an act contrary to his free will." The alleged duress in this case consisted of threats to have the defendant arrested, placed in jail, and prosecuted for a misdemeanor in driving the horse of the plaintiff six miles further than he had agreed. It has been frequently held that mere threats of criminal prosecution, where neither warrant has been issued nor proceedings commenced, do not constitute duress. Buchanan *v.* Sahlein, 9 Mo. App. 552; Higgins *v.* Bunn, 78 Me. 473; Cohaba *v.* Burnett, 34 Ala. 400; Harman *v.* Harman, 61 Me. 230. In *Williams* v. *Stewart,* 115 *Ga.* 864, the court says: "The mere fact that the tax-collector, who has no authority to issue a warrant or to make an arrest with or without one, notifies a person that he will have a warrant issued and the person arrested and prosecuted unless he pays the tax, is not sufficient to constitute duress under the code." In *Russell* v. *McCarty,* 45 *Ga.* 197, the facts were, that McCarty had given his note to one Wommack, in 1865, in payment for a horse which Wommack accused McCarty of taking from him, and he was told that Wommack threatened to prosecute him for taking his horse, and he gave the note rather than be prosecuted. It was held that this evidence was not sufficient in law to avoid the payment of the note on the ground of duress.

Mr. Justice Cobb in *Bond* v. *Kidd,* 122 *Ga.* 812, strongly intimates that a mere threat to prosecute for a criminal offense would not amount to duress. But we think that a threat to prosecute one for an act which does not make a criminal offense, and which the party so threatened knows does not constitute any criminal act, does not amount to duress. In *Graham* v. *Marks,* 98 *Ga.* 67, it was held, that "a plea attempting to allege that a promissory note was given, in whole or in part, for the purpose of settling a threatened prosecution for a criminal offense, is not legally complete unless it alleges facts showing that the person to be prosecuted was charged with having committed an act or acts constituting a crime or misdemeanor." The threatened prosecution must be for an act either criminal or which the party threatened thought was criminal. A mere empty threat does not amount to duress. It must be sufficient in severity or apprehen-

sion to overcome the mind and will of a person of ordinary firmness. United States v. Huckabee, 16 Wallace, 414. Threats of imprisonment, to amount to duress, must be of such a character as to excite the fears of a reasonably strong person that his imprisonment is imminent and immediate, and that the party making the threats either had begun the prosecution or had the means immediately at hand of procuring the arrest and imprisonment of the person threatened. Wilkerson v. Hood, 65 Mo. App. 491; Horton v. Bloedorn, 37 Neb. 666; Wilkerson v. Bishop, 7 Coldw. (Tenn.) 25. A threat of arrest for which there is no ground does not constitute duress, as the party could not be put in fear thereby. Knapp v. Hyde, 6 Barb. (N. Y.) 80; Preston v. Boston, 12 Pick. (Mass.) 12.

Without extending this opinion further, we hold that the facts set forth in the plea as amended do not constitute duress in law. The threat of prosecution and imprisonment was for an act which the party threatened alleged in his plea was "a pretended charge or pretended crime which he knew he had not committed." With such knowledge on his part, he knew that he was in no danger from a criminal prosecution or of imprisonment, and his fears were without reasonable foundation. Entertaining the opinion that the plea does not allege facts which would in law amount to duress, it is unnecessary to rule on the question of duress as affecting the sureties. We affirm the judgment of the trial court in striking said pleas on demurrer, and in directing a verdict for the plaintiff.                    *Judgment affirmed.*