9155.   SALE CITY GIN & MFG. CO. v. DUKES et al.

The plea of duress was insufficient; but the refusal to strike it was harmless to the plaintiff, the plea not being sustained by the verdict, which treated the note sued on as valid, for its full amount, but allowed the defendants certain credits, set up by another plea.

DECIDED JULY 9, 1918.

Complaint; from city court of Camilla—Judge Bush. July 5, 1917.

Sale City Gin & Manufacturing Company brought suit against B. H. Dukes and A. T. Jones on a promissory note, alleging that there was a balance due thereon of $334.95, besides interest and attorney's fees. The defendants in their answer denied indebtedness in the sum alleged, and denied that "any legal notice sufficient to bind them for attorney's fees" had been given to either of them. The 3d, 4th, 5th, 7th, and 8th paragraphs of the answer are as follows: "3d. Further answering, defendant B. H. Dukes respectfully shows to the court that the note was given by him to the Sale City Gin & Mfg. Co. under the following circumstances: Said Dukes was, on or about the time of the execution of said note, manager of the Sale City Gin & Mfg. Co., which was a partnership and not a corporation; that about said time other partners in said company were contemplating a change in the management of said company, and defendant Dukes turned over his books to said other partners to be checked up, and said other partners claimed that the

said Dukes was due to the company the sum of $534.95, and threatened defendant Dukes with criminal prosecution if he did not pay over the money or give a note for the amount. Said defendant Dukes at said time was fully confident that he didn't owe any such amount of money, but, rather than be humiliated and embarrassed by any kind of prosecution, he gave to the plaintiffs the notes sued upon, relying upon the statements made by Mr. C. C. Finklea, who claimed to check up said books and who was representing the other partners in the said Sale City Gin & Mfg. Co. 4th. Defendant shows to the court that said note sued upon in the plaintiff's petition was obtained under duress, and that it did not represent the free and voluntary act of this defendant." For paragraphs 5 and 6, see the decision, infra. "7th. Defendant further shows to the court that by reason of the foregoing facts the balance claimed to be due upon said note except said $53.05 is entirely without any consideration, and for said reason is void, and the same was received and obtained by the plaintiffs while the defendant was under duress, and was therefore void. 8th. Defendant A. T. Jones adopts the answer of B. H. Dukes and shows to the court that he is merely an indorser on said note sued upon, and that said Dukes does not owe said note, and that he is not liable thereon as indorser."

The plaintiff filed a written motion to strike the plea as being "insufficient in law to set up the defense of duress," and because "it does not allege that the threats used were urgent or immediate." Paragraph 3 of the motion is as follows: "Plaintiff moves to strike the plea of A. T. Jones, surety, for that it is nowhere alleged in his plea that he did not know of the alleged duress; and the said plea of the said A. T. Jones, for this reason, is insufficient in law, and it does not set up a legal defense against plaintiff's petition." The court overruled the motion to strike the plea. The trial of the case resulted in a verdict for plaintiff for $33.05; the plaintiff made a motion for a new trial, which was refused, and the movant excepted, assigning as error the rulings stated.

*Peacock & Gardner,* for plaintiff. *E. M. Davis,* for defendants.

BLOODWORTH, J. (After stating the foregoing facts.) Under the rulings in *Mallory* v. *Royston Bank,* 135 *Ga.* 702, 706 (70 S. E. 586), *Bond* v. *Kidd,* 1 *Ga. App.* 798, 801, 802 (57 S. E. 944); *Carswell* v. *Hartridge,* 55 *Ga.* 412 (4), and *Tolbert* v. *Caledonian Ins.*

*Co.,* 101 *Ga.* 741 (28 S. E. 991), the motion to strike the plea of duress should have been sustained. This being true, the court erred in admitting evidence complained of which was offered in support of the plea. However, under the pleadings and the facts, these errors were harmless to the plaintiff. Paragraphs 5 and 6 of the plea are as follows: "5th. Defendant further shows to the court that since the execution of said note defendant has discovered that said books were not properly and correctly checked up, and this de-. fendant in said accounting was not given credit for various items to which he was entitled to credit on the books of said company, and that the amounts to which he was entitled to credit, and for which he did not receive credit, amount to $281.90; and when said amounts are properly allowed, defendant B. H. Dukes will owe to plaintiff only a small balance, to wit $53.05 principal, which sum, with accrued interest, 'defendant now tenders to plaintiff." "6th. And defendant shows to the court that when he has received proper credits for the amounts to which he was entitled to credit there is only a balance due to the plaintiff on said note, of said principal $53.05 accrued interest on same." This portion of the plea was not demurred to, and, without objection, evidence was introduced that "upon going over the books and checking up the amounts, there were items which witness detailed, amounting to $281.90, for which he [Dukes] was entitled to credit, and which should be deducted from the amounts of said note, and . . an item of $20, not set up in his plea, that he paid to Mark Poor for plaintiff, and for which he had received no credit." Add these items, $281.90 and $20, and we have $301.90. Deduct this from the amount sued for, and it leaves $33.05, the exact amount of the verdict. Thus it appears that the jury gave no consideration to the plea of duress and treated the note as valid for the full amount thereof, and that the verdict was rendered on the evidence as applied to the other plea. The plaintiff's objection to this evidence was made first in this court, and is too late. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*