### PATRICK v. WOOD & SONS.

BECK, P. J. 1. A suit upon certain promissory notes was brought in the name of J. R. Wood & Sons, as plaintiff, against Moss E. Garrison as administrator of the estate of H. J. Garrison, and B. E. Patrick. Patrick filed general and special demurrers to the petition. These demurrers were overruled by the court, and Patrick excepted to the overruling of the second ground of the special demurrer, which is that "There is no party plaintiff shown in said petition, in that the name J. R. Wood & Sons does not connote a corporation, and it is nowhere shown that said name is the name of a partnership or the trade name of an individual, or that it is a corporation." *Held,* that the plaintiff's name, "J. R. Wood & Sons," imports a partnership. *Buffington*

Contracts, 13 C. J. p. 400, n. 78, 79.
Partnership, 30 Cyc. p. 403, n. 42; p. 669, n. 16.

v. *State*, 124 *Ga.* 24 (3) (52 S. E. 19); *Dublin & Southwestern Ry. Co.* v. *Akerman*, 2 *Ga. App.* 746 (59 S. E. 10), and cases cited. See also *DeLeon* v. *Heller*, 77 *Ga.* 740 (2), 743-744. This being so, the ground of special demurrer above quoted is without merit. The special demurrer does not call for a statement of the names of the members of the copartnership. If it did so, that would present a different question for decision.

2. Mere threats of criminal prosecution, where neither warrant has been issued nor proceedings commenced, do not constitute such duress as will void a note in the hands of the person alleged to have made the threat of criminal prosecution. *Bond* v. *Kidd*, 1 *Ga. App.* 798 (57 S. E. 944), and cases cited.

3. Where a partnership consisting of two persons was dissolved by the death of one of the partners, and the survivor continued the business of the firm for the purpose of winding it up, and while continuing the business signed the firm's name to a promissory note, the maker and the payee of the note believing that the effect of giving the note was to bind the assets of the firm and of the individual members thereof just as before the death of one of the partners, though they were mistaken as to the effect of the note as to its binding the assets of the former member of the firm, dead at the time of the execution of the note, this mutual mistake would not release the other member of the firm who was continuing the business to wind it up, and 'who actually signed the note.

4. Applying the principles ruled in headnotes 2 and 3 to the facts alleged in the plea and answer, the court did not err in striking the plea and answer of the defendant; and the answer having been stricken, a verdict for the plaintiff in the suit on.the notes necessarily followed, and the court did not err in so directing.

*Judgment .affirmed. All the Justices concur.*

No. 5148. APRIL 15, 1926. REHEARING DENIED JUNE 28, 1926.

Complaint. Before Judge Stark. Barrow superior court. October 19, 1925.

*J. C. Pratt,* for plaintiff in error. *R. H. Kimball,* contra.