17130, 17176.   MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH
*v.* SOUTHERN STEVEDORING COMPANY; and *vice versa.*

STEPHENS, J.   1. In a suit against a city by a corporation doing business in the city, to recover money paid by the plaintiff as an occupation tax, which it is alleged could not be legally assessed against the plaintiff, but which the plaintiff had involuntarily paid for the purpose of preventing an immediate seizure of its property and "to avoid arrest, fine, and imprisonment," where it does not appear from the petition that there was provision for any penalty by arrest, fine, or imprisonment, or by seizure of property, or by molestation of business, for failure to pay the license tax assessed, the petition does not show that there was any urgent or immediate necessity for the payment of the tax by the plaintiff, or that it was necessary for the plaintiff to pay the tax for the purpose of preventing an immediate seizure of its property.   Civil Code (1910), § 4317; *Williams v. Stewart,* 115 *Ga.* 864 (42 S. E. 256).

2. Although it is alleged in the petition that a city ordinance provides a penalty of fine or imprisonment for failure to pay the tax, yet it does not appear from the ordinance referred to (which is filed as an amendment to the petition) that such a penalty is provided for; and the allegation in the petition as to the contents of the ordinance, not being sustained by the ordinance itself, will be disregarded.

3. An allegation in the petition that upon the plaintiff's failure to pay the occupation tax when due the plaintiff would be notified by the city marshal that an execution therefor would be issued, and that unless the plaintiff paid the tax at once it would be prosecuted in the police court of the city, alleges only a mere possibility of a prosecution of the plaintiff in the police court on failure to pay the tax, and shows no immediate duress which would necessitate a payment of the tax in order to prevent an immediate seizure of person or property.

4. A city ordinance providing for the payment of a license-tax imposed upon certain occupations, and further providing that every person subject to the license tax "shall take out such license . . before commencing any business, calling, or profession," that any person who opens up and operates a place of business in the city after a specified time

----

Licenses, 37 C. J. p. 255, n. 68 New; p. 258, n. 24.

shall, before doing so, call at the city marshal's office and have his business or profession classified, that for a failure to do so within five days after opening up and commencing the business he shall be prosecuted in the police court of the city, and, upon conviction, be subject to fine and imprisonment, and that any person transacting any business specified in the ordinance, who shall be found without a license displayed in his place of business, or who shall refuse to allow an inspection of his license by the city marshal, shall, on a conviction thereof in the police court, be fined and imprisoned, does not provide any penalty by fine or imprisonment, or by seizure of property, or by molestation of business, for a failure to pay the license-tax assessed therein.

5. The petition fails to set out a cause of action, and it was error to overrule the general demurrer.

*Judgment reversed on the main bill of exceptions; cross-bill dismissed.*
*Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 2, 1927.

Complaint; from Chatham superior court — Judge Meldrim. January 5, 1926.

Application for certiorari was made to the Supreme Court.

*John J. Bouhan, E. O. Hunter,* for Mayor &c. of Savannah.
*E. B. Weatherly, Lawrence & Abrahams,* contra.