22913.  WALKER *v.* THE STATE.

DECIDED APRIL 14, 1933.

*James N. Rahal,* for plaintiff in error.

*Julian Hartridge, Samuel A. Cann, solicitors-general,* contra.

BROYLES, C. J.  The accused, after being convicted of robbery, filed an extraordinary motion for a new trial, which was overruled by the trial judge.  The motion was based upon the alleged newly discovered evidence of Mattie Wilson.  In the only affidavit submitted to support this witness the names of her associates are not given, but it is merely stated therein, in this connection, "that the associates of Mattie Wilson are country people and farmers, and they are honest and truthful."  As stated in *Ivey* v. *State,* 154 *Ga.* 63 (6), 67 (113 S. E. 175): "It is a matter of importance to the State to have the names of such associates of the witness, in order to ascertain from them whether the newly discovered witness is worthy of credit and belief."  The showing for a new trial in the instant case, therefore, was defective, and the judge was within his discretion in denying the motion.  *Ivey* v. *State,* supra; *Bowen* v. *State,* 44 *Ga. App.* 565, 566 (162 S. E. 151), and cit.  Furthermore, as stated by the trial judge in his order overruling the motion: "Reference to the evidence in the case discloses the fact that the defendant did not exercise the slightest diligence to procure the presence of this alleged witness [before his trial].  The [alleged newly-discovered] evidence itself throws little or no light on the alleged robbery, and it is quite apparent that the defendant had [or should have had] full knowledge of the presence of the witness

[Mattie Wilson] at the time of the alleged robbery, and by the exercise of the slightest diligence could have procured her evidence [at his trial]."

*Judgment affirmed.* *MacIntyre and Guerry, JJ., concur.*