HOOVER *v.* MOBLEY *et al.*

No. 14875.   June 6, 1944.   Rehearing denied July 11, 1944.

*Norman I. Miller, Eugene Talmadge,* and *G. H. Howard,* for plaintiff.

*G. B. Tidwell, Herbert J. Haas, Thomas J. Brown Jr.,* and *Fraser & Irwin,* for defendants.

DUCKWORTH, Justice. (After stating the foregoing facts.) It is obvious that any right to any of the relief prayed for is dependent upon the deed dated October 26, 1943, and signed by the petitioner. If that deed is valid, then the petition shows that the petitioner has no interest in or title to the land in controversy, and, hence, is entitled to no relief relating thereto. The deed is properly executed, recites a consideration, and is valid on its face. To show its invalidity, the petition sets forth what it is contended constitutes duress as a result of which the deed was executed. "Duress is coercion constraining action or inaction contrary to the victim's will." 17 C. J. S. 525, § 168. See also the Code, §§ 20-503, 96-201, and 96-209. It is not sufficient to allege that the deed was executed because of an empty threat made by another. It is necessary to show that at the time there was an apparent intention and ability to execute the threat. Although opposing counsel strongly debate the question whether the decision in *Bond* v. *Kidd,* 1 *Ga. App.* 798, 801 (57 S. E. 944), is sound, we think it is a correct statement of the rule and should be applied and followed here, for the twofold reason—first, that it is a sound statement of the law; and, second, that it has been approved repeatedly by the Supreme Court. It is there said: "It has been frequently held that mere threats of criminal prosecution, where neither warrant has been issued nor proceedings commenced, do not constitute duress. . . The threatened prosecution must be for an act either criminal or which the party threatened thought was criminal. A mere empty

threat does not amount to duress." This same language is used in Patrick v. Wood, 162 Ga. 137 (133 S. E. 870). To the same effect, see Graham v. Marks, 98 Ga. 67 (25 S. E. 931); Williams v. Stewart, 115 Ga. 864 (42 S. E. 256); Mallory v. Royston Bank, 135 Ga. 702 (70 S. E. 586); Candler v. Byfield, 160 Ga. 732 (129 S. E. 57); King v. Lewis, 188 Ga. 594 (4 S. E. 2d; 464). The entire allegations of the quoted paragraphs of the petition in which it is sought to show duress may be fairly summarized as follows: The petitioner was a woman, and while she was at home and her husband absent, but with a number of her sons present with the defendants Mitchell and Mobley, and two other persons, Mitchell talked to her and urged her to execute the deed, reported that her husband had said that she should execute it, remained there for approximately three hours, from 4 o'clock to 7 o'clock in the afternoon, and during the discussion told her that she would have to sign the deed or go to jail. He told her that he had gone there for the purpose of obtaining the deed; and from exhaustion, due to this long conversation, she became nervous and frightened, and because of the statement that she would have to go to jail she signed the deed, saying that she did not want to sign it, and that the land was worth more than the $1500 consideration. Tested by the law as declared in the decisions cited above, such allegations fall short of showing duress or grounds upon which a cancellation of the deed can legally be made. Without here entering into an extended discussion of the extreme disfavor with which the law looks upon fraud in all of its phases, suffice it to say that when fraud or duress is shown to have been the cause for the execution of a deed or other instrument, equity will in a proper case order its cancellation, but this law does not mean that persons may be relieved of their own solemn contracts and engagements upon allegations that fall short of showing duress and fraud as defined by the law. The petition shows no apparent ability or present intention upon the part of Mitchell to have her incarcerated. She is content with the allegations that he said that she would go to jail if she failed to sign the deed. It does not appear that Mitchell stated any grounds upon which she would be prosecuted, nor is it otherwise made to appear that his statement was sufficient to arouse the fear of any one of being imprisoned. Therefore the allegations are insufficient to authorize a cancellation of the deed, and the peti-

tioner is not entitled to any of the relief prayed for. Accordingly, it was not error to sustain the demurrer and dismiss the petition.

*Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

DUCKWORTH, Justice. The petition, together with the numerous amendments, specified duress and intimidation as the sole ground on which cancellation of the deed was sought. It was dismissed on general demurrer, and in affirming the judgment of dismissal we gave consideration only to the ground on which cancellation was sought. Briefs of counsel in support of the motion for rehearing urge for the first time that the petition should not have been dismissed, (1) because the official witness to the deed was not in fact present when the same was signed by the grantor, and (2) because both of the witnesses to the deed were pecuniarily interested in the transaction, and, hence, were disqualified as witnesses. While neither of these facts was made a ground for cancellation in the petition, and therefore, was not considered in our opinion, yet, in view of the earnestness with which they are now urged, we think it well to state that had they been properly pleaded as grounds upon which cancellation of the deed was prayed, they would not have constituted legal grounds for such relief. While it is declared in the Code, § 29-101, that "A deed to land must be in writing, signed by the maker, [and] attested by at least two witnesses," under repeated rulings of this court this is a statement of a requirement of law necessary to be met in order to entitle a deed to record. It does not declare that, unless so attested, a deed is void, nor does the language of the statute have such meaning. In the absence of any witness whatever, a deed signed by the grantor is binding between the parties thereto. In *Johnson* v. *Jones,* 87 *Ga.* 85 (2) (13 S. E. 261), it is ruled: "A deed without witnesses is legal and binding between the parties thereto and those claiming under them as mere volunteers." The first headnote in *Howard* v. *Russell,* 104 *Ga.* 230 (30 S. E. 802), is: "A deed to land, though not attested as required by law, conveys the title as against the grantor and his heirs." To the same effect see also *Downs* v. *Yonge,* 17 *Ga.* 295; *Gardner* v. *Moore,* 51 *Ga.* 268; *Lowe* v. *Allen,* 68 *Ga.* 225; *Munroe* v. *Baldwin,* 145 *Ga.* 215 (88 S. E. 947) ; *Citizens Bank* v. *Taylor,* 169 *Ga.* 203, 207 (149 S. E. 861, 67 A. L. R. 355). The penalty for failure to execute the deed in the manner prescribed by the statute is a refusal to admit the same to record.

' Counsel argue that pecuniary interest disqualifies one from witnessing a deed, and cites in support of this argument *Betts-Evans Trading Co.* v. *Bass,* 2 *Ga. App.* 718 (59 S. E. 8), *Nichols* v. *Hampton,* 46 *Ga.* 253, and *Southern Iron &c. Co.* v. *Voyles,* 138 *Ga.* 258 (75 S. E. 248, 41 L. R. A. (N. S.) 375, Ann. Cas. 1913D, 369), all of which support the argument and are authority to the effect only that such an interested witness is disqualified because of his interest. The contention is sound, but it constitutes no valid legal attack upon the deed here involved, even though it be conceded that both witnesses were pecuniarily interested in the transaction.                              *Rehearing denied.*