37136.  FROST *v.* HUNTER *et al.*

DECIDED MAY 15, 1958.

*H. B. Edwards, Sr., H. B. Edwards, Jr., W. J. Gibbons, Westmoreland & Hoard,* for plaintiff in error.

*Rosebud McCormick, Copeland & Smith, J. B. Copeland, H. C. Eberhardt, Eberhardt, Franklin, Barham & Coleman,* contra.

NICHOLS, Judge. 1. In support of the general grounds of her motion for new trial the plaintiff argues that the defendants, in their answer, alleged that they did not sign the note sued on but that they did sign another note which they alleged had been paid, and that their defense was not proved since they, in admitting a prima facie case, must have admitted having signed the note sued on.

It is well settled that when a party admits a prima facie case in an action on a note he admits executing the note and that the plaintiff is the legal holder thereof. See *Mobley* v. *Christian,* 38 *Ga. App.* 655 (145 S. E. 103); *Barfield* v. *Smith,* 42 *Ga. App.* 638 (157 S. E. 121), and cases cited.

While the defendants' answer denied the execution of the note in question and alleged that they executed a different note, the evidence demanded a finding that they did execute the note sued on. Evidence was admitted without objection on the trial of the case which would authorize a finding that the defendants had satisfied the note sued on. *Sale City Gin & Mfg. Co.* v. *Dukes,* 22 *Ga. App.* 462, 464 (96 S. E. 348). Therefore, in the absence of any error of law appearing, the verdict for the defendants, having the approval of the trial court, will not be disturbed.

2. In the first special ground of her amended motion for new trial the plaintiff assigns error on the admission in evidence of an alleged conversation between one of the defendants and A. A. Frost, now deceased. While under the decision of the Supreme Court in *Dye* v. *Richards,* 210 *Ga.* 601, 604 (81 S. E. 2d 820), this evidence was no more than hearsay, and without probative value, inasmuch as other evidence to the same effect was admitted without objection, no harmful error is shown by the special ground of the motion for new trial. See *Louisville & Nashville R. Co.* v. *McCamy,* 72 *Ga. App.* 769 (1) (35 S. E. 2d 206); *Holsenbeck* v. *Arnold,* 75 *Ga. App.* 311 (2) (43 S. E. 2d 348); *State Highway Board* v. *Coleman,* 78 *Ga. App.* 54, 57 (50 S. E. 2d 262).

3. Special ground numbered two which objects to the admission of evidence is controlled adversely to the movant by the decisions cited in the second division of this opinion.

4. In special ground numbered three the plaintiff contends that a new trial should be granted her because of certain newly discovered evidence.

The newly discovered evidence is an unsigned copy of a "loan deed" in the possession of Emory Bass in whose office the "loan deed" was purportedly prepared. During the trial of the case the plaintiff contended that the defendants had executed the original of such "loan deed" and that certain payments which the defendants contended had been made on the note and deed to secure debt sued on were actually made on this larger "loan deed," the copy of which is the "newly discovered evidence."

In support of this ground of the amended motion for new trial affidavits with reference to Emory Bass are attached as exhibits, and each states with reference to his associates: "his associates are very numerous, and comprise the highest calibre of people of Valdosta and Lowndes County, Georgia, and is at the present time Mayor of the City of Valdosta." "An affidavit in support of the witness upon whose newly discovered evidence a new trial is sought must give the names of his associates, a statement that he keeps good company not being sufficient to meet this requirement, which is necessary to enable the prosecution to make a counter-showing; and where such affidavit does not comply with this requirement the trial judge does not abuse his discretion by refusing to grant a new trial on this ground." *Ivey* v. *State*, 154 *Ga.* 63 (6) (113 S. E. 175). "Affidavit in support of a witness upon whose newly discovered evidence a new trial is sought must give the names of his associates; and a statement that the witness lives in a certain locality and associates with the best people does not meet this requirement." *Dent* v. *State*, 43 *Ga. App.* 153 (3) (158 S. E. 62). "An affidavit in support of the witness upon whose newly discovered evidence a new trial is sought must give names of his associates; and a statement in the affidavit, that his associates 'are country people and farmers, and they are honest and truthful,' does not comply with this requirement." *Walker* v. *State*, 46 *Ga. App.* 731 (169 S. E. 43). See also *Sum-*

*ner* v. *Sumner,* 183 *Ga.* 400 (188 S. E. 515), and *Russaw* v. *State,* 200 *Ga.* 666 (38 S. E. 2d 414).

Inasmuch as the affidavits in support of the witness on whose evidence the "newly discovered evidence" is based are not made in accordance with the provisions of Code § 70-205 no question is presented as to the merits of the alleged newly discovered evidence.

The trial court did not err in denying the plaintiff's motion for new trial as amended for any reason assigned.

*Judgment affirmed. Quillian, J., concurs. Felton, C. J., concurs in the judgment.*