23755. YEARWOOD v. NATIONAL BANK OF ATHENS.

ARGUED OCTOBER 11, 1966—DECIDED NOVEMBER 10, 1966.

*Atkins & Atkins, Ben S. Atkins,* for appellant.

*Fortson, Bentley & Griffin, Edwin Fortson,* for appellee.

COOK, Justice. In his enumeration of errors the appellant contends that the judge erred in (1) declining to issue a temporary restraining order on the basis of the verified petition; (2) declining to hear evidence on the prayer for a temporary restraining order; and (3) dismissing the petition, as amended, on the oral motion of the defendant asserting that the amended petition set forth no cause of action in law or in equity. Each of these three contentions depends upon the sole question of whether the threats alleged to have been made by counsel for the defendant National Bank of Athens, as guardian of the property of Caroline V. Becker, constituted duress.

Since the appellant failed to strike any of the allegations of the original petition, any ambiguities or conflicts between the allegations of the petition and the amendment must be construed most strongly against him. *Rothberg v. Peachtree Investments, Inc.,* 220 Ga. 776, 779 (142 SE2d 264). The amendment must be considered in the light of the original petition as being a repetition of the original threats that unless he signed the acknowledgment of the debt and executed the deed, "the case would be submitted to the grand jury of Clarke County, Georgia," and he "would probably have to serve time in the penitentiary," with certain amplifications, such as the allegations that the execution was required without an opportunity to confer with his attorney, and that the attorney for the bank demanded that the papers be signed "right now."

*Code* § 20-503 provides: "The free assent of the parties being essential to a valid contract, duress, either of imprisonment or by threats, or other acts, by which the free will of the party is restrained and his consent induced, will render the contract voidable at the instance of the injured party. Legal imprisonment, if not used for illegal purposes, is not duress."

In *Hoover v. Mobley,* 198 Ga. 68, 71 (31 SE2d 9), Mr. Justice Duckworth (now Chief Justice), speaking for the court, held: "Although opposing counsel strongly debate the question whether the decision in *Bond v. Kidd,* 1 Ga. App. 798, 801 (57 SE 944), is sound, we think it is a correct statement of the rule and should be applied and followed here, for the two-fold reason— first, that it is a sound statement of the law; and, second, that it has been approved repeatedly by the Supreme Court. It is there said: 'It has been frequently held that mere threats of criminal prosecution, when neither warrant has been issued nor proceedings commenced, do not constitute duress. . . The threatened prosecution must be for an act either criminal or which the party threatened thought was criminal. A mere empty threat does not amount to duress.' This same language is used in *Patrick v. Wood,* 162 Ga. 137 (133 SE 870). To the same effect, see *Graham v. Marks,* 98 Ga. 67 (25 SE 931); *Williams v. Stewart,* 115 Ga. 864 (42 SE 256); *Mallory v. Royston Bank,* 135 Ga. 702 (70 SE 586); *Candler v. Byfield,* 160 Ga. 732 (129 SE 57); *King v. Lewis,* 188 Ga. 594 (4 SE2d 464)."

It can not be consistently contended by the appellant that the alleged threats subverted his will to that of the attorney for the defendant bank where he alleges that he did not owe the debt, and was afforded a period of approximately four months from the time he acknowledged the debt and executed the deed to secure debt to confer with his personal counsel before executing the note covering the consideration in the deed. See *Augusta Motor Sales Co. v. King,* 36 Ga. App. 541 (137 SE 102).

After considering the petition as amended, it is the view of this court that the alleged threats employed by counsel for the defendant bank do not constitute duress as defined by our statutes, and that the trial judge properly denied the temporary restraining order and dismissed the petition as amended.

*Judgment affirmed. All the Justices concur.*