**John F. HARRELL, Plaintiff-Appellant,**

v.

**Loice S. ALLEN and Katie M. Smith, Defendants-Appellees.**

No. 30285.

United States Court of Appeals, Fifth Circuit.

March 11, 1971.

Arthur P. Tranakos, Tranakos & Hurst, Atlanta, Ga., for plaintiff-appellant.

Richard G. Tisinger, Tisinger & Tisinger, Carrollton, Ga., for defendants-appellees.

Before RIVES, GOLDBERG and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

This appeal on a diversity case arises from several transactions between appellant Harrell, a stock salesman, a resident of Phenix City, Alabama, and two of his former customers, Loice S. Allen and Katie M. Smith, two sisters residing in a rural area near Bowdon, Georgia.

Initially in the district court, Harrell, as plaintiff, sued the two defendants for damages resulting from the alleged unlawful conversion of 991 shares of stock in American Family Life Insurance Company, and for exemplary damages resulting therefrom. The defendants filed a counterclaim for amounts due on notes executed to defendants by Harrell. The district court granted a motion for summary judgment in favor of defendants on plaintiff's action for conversion, and granted defendants' counterclaim in the amount of $5,459.35.

In the first of two transactions involved between the appellant Harrell and the two appellees, Harrell executed three notes on February 15, 1963, totalling $6,959.60, with assignments and blank powers of attorney to the appellees as security to 591 shares of American Family Life Insurance stock. After the notes matured and were unpaid, the appellees, utilizing the stock assignment forms previously executed · by Harrell, had the 591 shares transferred to their names on February 19, 1964.

On the second transaction, appellant Harrell executed, on April 15, 1963, a promissory note in the amount of $6,-000.00 to the appellees, simultaneously signing an assignment, endorsed in blank, of 400 shares of American Family Life Insurance stock to the appellees. On December 18, 1963, Harrell, in writing, directed one of the appellees to transfer said stock to her name and credit $3,400.00 on said $6,000.00 promissory note. The transfer of the stock was effected on the books of American to appellee on January 8, 1964.

██ The action for conversion was filed in the district court below on September 1, 1969, more than four years after the transfers of the stock certificates to the appellees' names on January 8, 1964, and February 19, 1964. Under Georgia law,[1] all suits for the conversion of personal property shall be brought within four years after the right of action accrues. Stock in a corporation is personalty. See Eagle & Phenix Manufacturing Co. v. West, 61 Ga. 120. Whether the action is treated as one for conversion of property or one for money had and received, the action will be barred by limitations as provided in Section 3–1003. See Hendryx v. E. C. Atkins & Co., 5 Cir., 1935, 79 F.2d 508, construing this section of the Code of Georgia.

██ It is unnecessary in the case at hand to determine whether or not appellees legally or illegally transferred the shares of stock to their names, as the evidence presented is undisputed that Harrell was in the office of the custodian of the stock records of American Family Life Insurance Company at Columbus, Georgia, many times during 1964 checking and rechecking his ownership of American Family stock, and that in 1964 these records showed the transfer of the stock on the books of American Family Life Insurance Company to appellees. Further, Harrell, in his complaint, alleges that American paid dividends on the stock in 1964 and two dividends on the stock in question on different occasions in 1965. The undisputed evidence showed further that on July 20, 1964, Harrell had knowledge of the 1964 dividend, as he made a written request to American that said dividends be held for a week for him "at which time I will

---

1. Code Section 3–1003, Georgia Code Annotated:

    *Recovery of personalty and damages for its conversion or destruction.*—All suits for the recovery of personal property, or for damages for the conversion or destruction of the same, shall be brought within four years after the right of action accrues and not after.

give you enough more stock to issue and settle my liability with the man in Franklin, Georgia, Mr. Peterson in West Green, Georgia, and Mrs. Edna Jones, Nashville, Georgia. This will clear all that up then.—Thanks—J. F. Harrell". The perusal of the American stock holdings on the record of the company by the appellant in 1964 with the knowledge of the dividends paid in July of 1964 clearly show that Harrell knew of the assumption of ownership of the 991 shares of American by the appellees in January and February 1964. The transfer by the appellees of the shares of stock to their names and the knowledge by Harrell of the transfers, even though illegal, was a conversion of the stock by appellees. See Waring v. Gaskill, 95 Ga. 731, 733, 22 S.E. 659. Insofar as Harrell's alleged claim to ownership of the stock is concerned, it seems clear that the conversion of the stock took place at the time of appellees' registration of the stock on American's books in their names. See Woodcliff Gin Company v. Kittles, 173 Ga. 661, 161 S.E. 119.

Appellant alleges in his complaint that on August 30, 1968, he made a tender in the amount of $9,000.00 and demanded return of his stock. Appellant's contentions represent a misconception of the purpose of tender in actions for conversion and in the nature of the tort of conversion itself. Proof of tender, demand, and refusal to deliver is merely evidence of a conversion and is not an essential prerequisite for a cause of action of conversion. As is stated in 89 C.J.S. Trover and Conversion § 61, page 565:

> "Where the possession of a person remains rightful until transformed into a wrongful detention by a demand and refusal of delivery, the demand and refusal may constitute a conversion in itself. * * * If, before demand and refusal, an actual conversion has already occurred, however, the evidence of demand and refusal relates back to the time of the actual conversion."

Also, in the case of Wilcox v. Citizens' Banking Company, 31 Ga.App. 202, 120 S.E. 433, the Georgia Court of Appeals held that:

> "In an action of trover, 'proof of a demand and a refusal is only required as evidence of the conversion; and where the conversion is shown by other evidence, such proof is not essential. * * * Any distinct act of dominion wrongfully asserted over another's property in denial of his right, or inconsistent with it, is a conversion. * * * As to what constitutes a conversion, this court has repeatedly held that possession, with a claim of title adverse to that of the true owner, is sufficient'. * * * "

In the case at hand, the tender and demand on the part of appellant and the refusal by the appellees, while constituting evidence of conversion, does not alter the fact that the conversion took place in the early part of 1964 at the time that the appellees assumed ownership of the stock certificates by having said stock transferred to their names.

Appellant's allegations of duress by appellees has little merit. The only duress claimed by Harrell was a threat of arrest. There is no issue of fact that the alleged duress had any legal effect on the transaction. It appears that Harrell went to appellees' rural home on the occasion that he signed the first document voluntarily. Also, it is clear that under Georgia law a threat to have an individual arrested is not sufficient duress as will be held to restrain the free will and consent of a party to a contract and thereby make it void. See Yearwood v. National Bank of Athens, 222 Ga. 709, 152 S.E.2d 360.

Under the allegations of appellant's complaint, the undisputed affidavits, the documentary evidence, and the depositions submitted at the time of the motion, the cause of action alleged by the appellant for the conversion of the 991 shares of stock by the appellees is barred by the statute of limitations.

As to the counterclaim of the appellees, there can be little doubt that appellant was indebted to the appellees in the

**1008**

amount of $5,459.35. On March 15, 1965, after the stock transactions had been consummated, Harrell prepared, or had his banker at Douglas, Georgia, prepare, an agreement as to the amount he owed the two appellees and provided a contract presented to them seeking forbearance of any legal action against him. By the terms of this instrument, executed at the instance of Harrell, signed by him and his trustee bank, and also executed by both appellees, the amount due and owing by Harrell to the appellees was set out in said instrument on that date as amounting to $5,459.35. There was no evidence presented on the hearing on the motion to dispute this amount.

The judgment of the district court granting the summary judgments for the appellees on both the complaint and the counterclaim is hereby

Affirmed.

Freedman, Circuit Judge, dissented in part.