No. 10.—THOMAS T. WYCHE and WIFE, plaintiffs in error, *vs.* THOMAS B. GREENE, defendant.

[1.] Where there are two defendants to a bill, both of whom answer, and leave is subsequently granted to amend the bill; and one appears and demurs to the amended bill, before the other has been served with a copy: *Held*, that in a writ of error to reverse the judgment upon demurrer, it is not necessary to join the defendant not served; and that his rights, neither in the Court below, nor in this Court, are impaired by such omission.

The defendant in error joined issue with a *protestando*, and moved to dismiss the writ of error, on the grounds—

1st. Because Elias McElvin was, and is, a party defendant in the Court below, and ought to have been made a party to the proceedings in error, but has not been made a party thereto.

2d. Because the said Elias McElvin hath had no notice of the signing and certifying the original bill of exceptions, nor of the writ of error and citation.

The facts were, that the bill was filed against Thomas B.

Greene, and Elias McElvin, as administrator of Batt Wyche. The defendants filed separate answers to the bill. After the filing of the answers, to-wit: at May Term, 1854, of Upson Superior Court, complainants obtained leave to amend, and did amend, their bill: whereupon, Greene, one of the defendants, demurred, both to the amendments, and to the whole bill as amended —the other defendant, McElvin, not demurring, and not having been served. The Court sustained the demurrer, and dismissed the bill, and complainants sued out a writ of error, and gave no notice to the defendant, McElvin.

CHAPPELL & GREENE, for the motion.

GIBSON & HILL, contra.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Was it necessary that Elias McElvin should have been joined in this writ of error? We think not, most clearly. Leave was granted to amend the bill, after answer, by both defendants. Upon the filing of the amendment, and before, McElvin was served with a copy; Greene, the other defendant, appeared and demurred to the amended bill, and the demurrer was sustained. And it is to reverse this judgment, that this writ of error is presented by Wyche, the complainant. McElvin, one of the defendants to the original bill, was no party to this interlocutory decree. Nor can his rights be impaired, either by the judgment rendered in the Court below, upon the demurrer, nor upon the writ of error in this Court. But when served with the amended bill, he may demur separately, and bring his writ of error in the same manner as though no such former proceeding was ever had. Like all other parties, he is entitled to his day in Court, and he cannot be prejudiced without it.

So far, then, from being a necessary party to this writ of error, he could not have been joined in it, without his consent, and a waiver of all of the preliminary privileges of being served with the amendment, &c. secured to him by law.

Motion denied.