No. 57.—JAMES DOWNS and another, for the use &c. plaintiffs in error, *vs.* GEORGE YONGE, Superintendent, &c. WESTERN & ATLANTIC RAIL ROAD, defendant in error.

[1.] A deed for land, which has but one witness to it, is not void for all purposes, if it is void for any.

[2.] It is not error to reject evidence that is irrelevant.

Case, in Fulton Superior Court. Tried before Judge O. WARNER, October Term, 1854.

This was an action brought by James Downs and another, against Yonge, as Superintendent of the State Road, for damages to a lot of land No 112, 14th district, 6th section DeKalb, now Fulton County, by the running of the rail road through the land.    On the trial, the plaintiffs showed title in themselves. Defendant then proved statutory title in one M. C. Martin, and offered in evidence a deed from Martin to the right of way, dated in May, 1838.    This deed was attested by only one witness.    Objection was made on that ground, which being over-ruled by the Court, plaintiffs excepted.

Plaintiffs then offered in evidence a *fi. fa.* against Martin, upon which there was a levy on and a sale of this lot of land, prior to May 1838; but plaintiffs did not claim under this sale. The Court rejected the evidence, and plaintiffs excepted.

Upon these exceptions, error is assigned.

RUTHERFORD & EZZARD, for plaintiff in error.

OVERBY & BLECKLEY, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Neither the Common Law nor the Statute of Frauds requires that a deed, to be valid, must be executed in the presence of witnesses. (*Com. Dig. Fait,* (*B.* 4 *a.*)  2 *Black. Com.* 307.)

The Act of this State, of 1785, declares, that all deeds, by way of bargain and sale, executed under hand and seal, on a valuable consideration paid, in the presence of *two or more witnesses,* that are proved or acknowledged, and that are registered within twelve months·from their date, shall be *good and valid.*    But the Act does not declare that deeds deficient in any of these respects, shall be *void.*  (*Cobb's Dig.* 164.)

The Act of 1760 contains a declaration with respect to deeds of land, similar to that contained in this Act of 1785.    The words of the Act are these : "all conveyances of lands and tenements, shall be made by deed of bargain and sale," and " enrolled or registered," "signed and sealed" " before two or more

witnesses, who shall likewise sign," &c.  Again—"All con-, veyances of lands and tenements, made and executed, and enrolled and registered, according to the intent and meaning of this Act, shall and are hereby declared valid in law," &c. (*Id.* 161.) And yet, the Act of 1768 treats deeds, made after the passage of the Act of 1760, and not recorded within the time prescribed by that Act, as not *void.*   On the contrary, it provides a time within which they may still be recorded ; and then, after providing a time within which deeds made after its passage may be recorded, it goes on to say, that deeds thus recorded shall be held as the *first* deed, and shall be held *valid,* any former conveyance not recorded as aforesaid, to the contrary notwithstanding.   (*Ibid.* 162.)

This Act of 1768, therefore, may be considered as expressive of the Legislative interpretation of the words aforesaid, in the Act of 1760.   Those words were, as we have seen, "all conveyances" "*shall* be made by deed of bargain and sale" *enrolled.*   "All conveyances made" &c. "enrolled," &c. "according to the intent" of the Act, &c. shall and are hereby declared *valid* in law, &c.; that interpretation being, that the words, though requiring all conveyances to be recorded, did not render *void* such as might not be recorded, but only postponed them to such as might be recorded.   And the correctness of this interpretation is favored by what is to be found in the oldest Act of all, on this subject, of deeds—that of 1755. That Act contains a requisition that all deeds shall be registered within sixty days from their date ; and also a declaration, that all such as shall be so registered, shall be deemed "to be prior" to all such as shall not be so registered.   The latter are to lose their priority.   That is all.   They are not to be rendered void.   (*Id.* 159.)

The provisions of this Act of 1755, and also those of the Act of 1768, making this the only effect of the failure to record a deed within prescribed time are general—extending as well to deeds made before, as to deeds made after their passage.

It is true, that these two Acts concern only one of the things which the Act of 1785 requires, as to deeds —that of registry. They do not expressly say what is to be the effect of a failure to execute the deed in the presence of two witnesses; but registry doubtless was deemed by the Acts, at least as important as the presence of two witnesses. At any rate, when these Acts say that the effect of the not recording a deed within prescribed time shall be merely to postpone the deed to deeds recorded within prescribed time, they say, in substance, that the effect of the non-attestation of a deed by as many as two witnesses, shall be merely to postpone it to such deeds, as, having the attestation of two witnesses, are so recorded, for the effect of the non-attestation of a deed by as many as two witnesses, is to prevent the deed from ever being recorded.

Now, if the words of the Act of 1760 were used in the sense in which, according to this Legislative interpretation they were used, it is fair to presume that the same words, or the words of the same import of the subsequent Act—that of 1785—were used in the same sense.

And this presumption is strengthened by the action of numerous Legislatures, subsequent to that which passed the Act of 1785. This action treats deeds not recorded within the time prescribed by that Act, as not void, but in some cases, as entitled to the indulgence of further time for getting themselves recorded, and in no case as subject to a worse fate than that of a postponement to deeds recorded within the prescribed time.

The Act of 1788 declares, that "no deed," &c. "shall, in any wise, be affected by reason of the same not being registered," &c. "agreeably to the said Act," (of 1785.) (*Wat. Dig.* 372.) In 1790, this Act of 1788 was revived and continued in force until February, 1793. (*Id.* 425.)

The Act of 1812 seems to assume, that even one witness to a deed, if he is a Justice of the Peace or a Clerk of the Superior Court, is sufficient to make the deed admissible to record. A deed so attested and recorded, the Act makes admissible as evidence. The Act seems to have no suspicion that there is,

in such case, any thing more for the Legislature to do—that a deed in such a case needs a declaration, that it does not lose its priority, much less one that it is not void. (*Cobb's Dig.* 167.)

So the Act of 1826 makes deeds, improperly recorded, some for one thing some for another, admissible in evidence. The Act also gives leave for the registry within twelve months of all deeds properly executed and proved, but not recorded. (*Id.* 170.)

Of the same character is the General Act of 1827. (*Id.* 172, 173.)

At length, in 1837, the Legislature, after giving an extension of the time for recording, to such deeds as needid it, laid down for future deeds three general rules—1. That deeds made after the passage of the Act, might be recorded at any time. 2. That if, however, any deed should not be recorded within twelve months from its date, it should be postponed to a younger deed, which should be recorded within twelve months from that deed's date, unless that younger deed had notice of the other. 3. And that if of two or more deeds all should be well recorded, the oldest deed should have the preference. (*Cobb's Dig.* 175.)

It is useless to pursue the Legislation of the State further, to find out what the Legislature considered to be the effect, under the Act of 1785, of the failure to record a deed. · There is more of it. (*See Cobb's Dig.* 176, '7, '8, '9, 180, 181.) Suffice it to say, that the further legislation is all in harmony with that which has been already noticed. And that already noticed shows the Legislature's understanding of the Act of 1785 to have always been this: the failure to record a deed within prescribed time, postpones the deed to a younger deed, recorded within prescribed time, but does not render it *void*.

This understanding of the Act entertained by the Legislature, is that, too, which has ever been the understanding of it, held by the Courts, as far as the information of this Court goes.

Finally, the rules of construing Statutes, forbid that the Common Law, or a Statute, shall be considered as repealed by

a Statute by implication, unless the implication is very strong —as strong as that which is made by negative words, or affirmative words carrying in them, unmistakably, the sense of negation. (1 *Black. Com.* 89.)

The implication in the Act of 1785, does not come from negative words. The words of the Act are affirmative, not negative. They are, in substance, that all deeds witnessed by two or more persons and recorded, shall be good and valid. They are not that all deeds not so witnessed and recorded, shall not be good and valid.

[1.] The conclusion, therefore, to which this Court comes, is, that this deed, though witnessed by but a single person, was not a void deed. And this Court is therefore of opinion, that the deed was properly admitted in evidence—at least for the purpose for which it was admitted—which was merely to show that the State was not a *trespasser* in running the Rail Road over the lot of land.

My own opinion is, that the deed is a good deed, subject, however, to the preferences which other and younger deeds may get over it, by being well recorded—it being a deed which cannot, by reason of having only one witness to it, be well recorded.

[2.] The *fi. fa.* was clearly not admissible as evidence. The plaintiffs derived no title under the *fi. fa.* They, therefore, had no right to use the *fi. fa.* The *fi. fa.* was simply irrelevant.