## MARABLE *vs.* MAYER, SON & COMPANY.

1. Where a mortgagor described in his mortgage a certain stock of goods and located them in a certain house in a city named, he is estopped from denying the truth of these statements in his mortgage, and from setting up, as a defence to the foreclosure thereof, that there was no such stock of goods as that described.

2. A mortgage is good as between the original parties, without a witness, and therefore the fact that it may have been attested by the attorney of the mortgagees, as a notary public, furnishes no ground of defence to the mortgagor.

December 21, 1886.

Mortgages. Estoppel. Attorney and Client. Before Judge BRANHAM. Floyd Superior Court. September Adjourned Term, 1885.

Reported in the decision.

HENRY WALKER; J. W. H. UNDERWOOD, for plaintiff in error.

WRIGHT, MEYERHARDT & WRIGHT, for defendants.

BLANDFORD, Justice.

Marable, being indebted to Mayer, Son & Company by promissory note, executed a mortgage deed to a certain stock of goods, located in a certain house in the city of Rome, to secure the payment of said notes. This mortgage was foreclosed, and Marable filed his affidavit of

illegality, whereby he claimed that there was no such stock of goods as the stock described in the mortgage when the same was executed, and that the mortgage was void because the same was witnessed by the attorney of Mayer, Son & Company, as a notary public. The jury found the issues formed on the affidavit of illegality in favor of Mayer, Son & Company. Marable moved for a new trial on several grounds, which the court refused, and this refusal is assigned as error. This is a correct statement of facts so far as we are enabled to ascertain them from the confused state of the record sent up in this case.

1. Marable, having by his mortgage set forth a certain stock of goods and located them in a certain house in the city of Rome, is estopped from denying the truth of the same by his deed, and this ground of the illegality was not good for this reason.

2. The mortgage deed, as between Marable and Mayer, Son & Co., was good without a witness; consequently there is nothing in this ground of the illegality.

Judgment affirmed.