BYRD, ordinary, *et al. v.* CITY OF ALMA *et al.*

HILL, J. The act approved August 25, 1925 (Acts 1925, p. 177), authorizes municipalities "to sell, lease, or otherwise dispose of any or all electric, water, gas or other municipally owned public-utility plants or properties," on compliance with other provisions of the act. Among the provisions to be complied with is one requiring publication, once a week for three consecutive weeks, of an intention to make such sale, lease, or other disposition of the property. In this connection it is provided that after such advertisement the sale shall take place, "unless within ten days after the last publication of such notice petition signed by not less than twenty per cent. of the qualified voters of such municipality be filed, objecting to and protesting against such sale, lease, or disposition." A further provision is that "if such petition so signed is filed, the sale shall not be made unless submitted to a special election ordered for the purpose of determining whether a majority, which shall constitute two thirds of those voting at such election, shall vote for or against such sale, lease, or other disposition; such election shall be ordered by said municipality to be held not less than fifty days after the date of the filing of said objecting petition with the municipality. Such election shall be held in accordance with, and in all respects be governed by, the acts of the General Assembly in regard to elections to determine whether municipalities shall issue bonds or not. A notice of such election shall state its purpose." *Held:*

1. This provision of the statute does not by its own terms expressly or impliedly provide for a contest of an election held under the terms of the act, before the ordinary of the county.

2. The Civil Code (1910), § 125, provides: "Whenever any contest arises over an election of any constable, municipal officers, or other officers not hereinbefore provided for, the same shall be filed with, heard, and determined by the ordinary of the county wherein such contest may arise, under the same rules and regulations as to the mode of procedure as prescribed in contests where commission is issued by the Governor." This section relates to contests of elections for public officers of the several kinds especially enumerated, and does not purport to authorize a contest before the ordinary of an election of the character provided for in the act of 1925, supra.

3. If a municipality owning an electric plant which it desires to sell, and having an opportunity to make a sale thereof on condition of complying with the act of 1925, has authority to make the sale, and causes the required notice of sale to be published, and, after filing of objections by protestants against the sale, an election is held, and the returns of the election show a sufficient number of affirmative votes to authorize the sale, and the result is declared, and certain of the protestants file a petition with the ordinary to contest the election, the effect of which is to

delay or prevent consummation of the sale of the property to the contemplated purchaser, equity will entertain a petition on the part of the city against the ordinary and the protestants, to prevent further entertainment or prosecution of the so-called contest of election before the ordinary.

4. In a suit by the municipality against the ordinary and certain contestants to enjoin further proceedings in a so-called election contest proceeding instituted before the ordinary, the judge did not err in overruling the demurrer to the petition.

5. In section 1 of the act approved August 21, 1906 (Acts 1906, p. 496), incorporating the Town of Alma, it is provided that "the said Town of Alma shall be able by law to purchase, hold, rent, lease, receive, sell, exchange, enjoy, possess, and retain in perpetuity, or for any term of years, any estate or estates, real or personal, lands, tenements, hereditaments of any kind or nature whatsoever, within or without the limits of said town for corporate purposes." The above act was amended by an act approved August 7, 1918 (Acts 1918, p. 526). The name of the municipality was changed by the amending act to the "City of Alma." The act was also amended in other respects, but the amendment did not purport to change the authority of the municipality with reference to ownership and sale of real estate, as provided in the act of 1906, supra. The authority conferred by the charter of the City of Alma to "sell . . any estate or estates, real or personal, lands, tenements, hereditaments of any kind or nature whatsoever, within or without the limits of said town for corporate purposes," was sufficient to authorize the municipality to sell its electric-light plant, without any requirement of submitting the question of sale to the voters of the city. *Adams* v. *Rome,* 59 *Ga.* 765.

6. Section 1 of the act approved August 25, 1925 (Acts 1925, p. 177), conferring authority upon municipalities generally "to sell, lease, or otherwise dispose of any or all electric, water, gas, or other municipally owned public-utility plants or properties," contains the proviso: "that nothing in this act contained shall be held or construed to affect the powers of any municipal corporation in the charter of which there is now contained any provision authorizing the sale, lease, or other disposition of such properties by the municipality, or prohibiting the sale, lease, or other disposition of the properties by the municipality, so long as such provision remains in the charter of such municipality." Giving due effect to this proviso, when the act of 1925 is construed, as it must be, in connection with the acts creating the charter of the City of Alma, that city has authority to sell its electric-light plant without the necessity of submitting the question of sale to the voters of the city.

7. The City of Alma having the power just stated, it is immaterial to the case under consideration whether the election called by the city, at which the question of sale was so voted upon, was void.

8. The judge did not err in sustaining the demurrer to the defendants' cross-petition, seeking to enjoin the sale on the ground that the election was void.

*Judgment affirmed. All the Justices concur except Russell, C. J., and Beck, P. J., dissenting.*

HINES, J., concurs specially.

No. 6154. JUNE 13, 1928.

Injunction.   Before Judge Reed.   Bacon superior court.   June 9, 1927.

*A. J. Tuten* and *T. J. Townsend,* for plaintiffs in error.

*Wilson, Bennett & Pedrick,* contra.

BECK, P. J. (with whom the Chief Justice concurs.)  I dissent in this case, being of the opinion that if the ordinary was proceeding illegally, or without authority, to hear the contest, the remedy of the petitioners was the legal remedy of the writ of prohibition, and they could not have the equitable remedy of injunction.   Civil Code (1910), § 5458.