19574, 19575.   BUDGET CHARGE ACCOUNTS, INC. *v.* PETERS *et al.;* and *vice versa.*

DUCKWORTH, Chief Justice.   This is an action brought by the owner and his wife to restrain the sale of real property, being advertised under a power of sale contained in a deed to secure debt by the assignee of the grantee in the deed, for cancellation of said deed and damages, alleging collusion, conspiracy to defraud, usury, and failure of consideration. The defendants named in the suit are the grantee and assignee. The defendant assignor-grantee was not served in the lower court, but a temporary restraining order was granted stopping the sale pending a hearing. The court overruled a general demur-

rer filed by the assignee, refused to grant a motion to declare the loan deed null and void as a matter of law—which is the question of error raised in the cross-bill of exceptions; and, after an interlocutory hearing, granted a temporary injunction and continued in force the previous restraining order. The exceptions here are to these judgments. *Held:*

1. A defendant who was not served with process, did not appear in the lower court, and did not otherwise waive service, need not be made a party to a bill of exceptions. *Wyche* v. *Greene,* 16 *Ga.* 47; *Hines* v. *McLellan,* 117 *Ga.* 845 (45 S. E. 279); *Clay* v. *Smith,* 208 *Ga.* 423 (67 S. E. 2d 235). Accordingly, the motion to dismiss is denied, since the defendant who was not served or named in the bill of exceptions is not an interested party.

2. No cause of action is stated in a petition which states mere legal conclusions of conspiracy, collusion and fraud with no facts alleged upon which to base them except general and loose allegations consisting of statements without facts upon which the conclusions are based. *Green* v. *Spears,* 181 *Ga.* 486 (182 S. E. 913); *Fowler* v. *Southern Airlines,* 192 *Ga.* 845 (16 S. E. 2d 897).

3. The allegations of the petition for injunction, cancellation, and damages, claiming collusion, conspiracy, fraud, usury, and failure of consideration, and claiming that the loan deed containing the power of sale under which the defendant is advertising the property for sale is illegal, null and void, since the petitioners' signatures were obtained by trickery and fraud, fails to allege a cause of action for the relief sought, since the allegations are totally insufficient to show any trick or fraud which would excuse the petitioners—having the capacity and opportunity to read the instruments—who signed them not under any emergency. See *Truitt-Silvey Hat Co.* v. *Callaway & Truitt,* 130 *Ga.* 637 (61 S. E. 481); *Lewis* v. *Foy,* 189 *Ga.* 596 (6 S. E. 2d 788); *West* v. *Carolina Housing & Mortgage Corp.,* 211 *Ga.* 789 (89 S. E. 2d 188). The mere allegation that the agent of the defendant grantee was in a hurry to catch a plane to his home office is totally insufficient to allege an emergency excusing the petitioners from reading the instruments. Nor is there any fiduciary relationship alleged between the parties. And the allegation of usury fails to meet the requirements of Code § 81-901. The allegation that the security deed was transferred and assigned on the

same day it was executed by an agent of the grantee, and thereafter the petitioners received a coupon book from the assignee for payment of his account with the grantee, fails to allege collusion or conspiracy to defraud the petitioners.

4. The allegation that the deed was improperly witnessed by an agent of the lender as notary public is insufficient to void the deed to secure debt, since a deed without attestation conveys the title as against the grantor and his heirs. See *Downs* v. *Yonge,* 17 *Ga.* 295; *Gardner, Dexter & Co.* v. *Moore,* 51 *Ga.* 268; *Marable* v. *Mayer, Son & Co.,* 78 *Ga.* 60; *Howard* v. *Russell,* 104 *Ga.* 230 (30 S. E. 802); *Hoover* v. *Mobley,* 198 *Ga.* 68 (31 S. E. 2d 9).

5. Since the petition was subject to the general demurrer, the court erred in overruling it. This renders all subsequent proceedings nugatory, and no ruling is necessary on the other exceptions.

*Judgment reversed on the main bill; cross-bill dismissed. All the Justices concur.*

SUBMITTED JANUARY 14, 1957—DECIDED FEBRUARY 11, 1957.

*Robert L. Cork,* for plaintiff in error.
*Jesse T. Edwards,* contra.