21632.   PURVIS v. HORTON et al.

SUBMITTED MAY 14, 1962—DECIDED JUNE 12, 1962.

*Milton A. Carlton, Spivey & Carlton,* for plaintiff in error.
*Albert E. Butler, W. Glenn Thomas,* contra.
*Ronald J. Adams,* for party at interest.

MOBLEY, Justice. The defendant Horton in his cross-bill contends in substance that $35,500 of the purchase price was not paid to him by Harvey, the purchaser; that the warranty deed from him to Harvey was procured and induced by the fraudulent acts of Harvey, who never intended at any time to pay the $35,500; and that for these reasons the warranty deed should be set aside. Horton admits that Harvey paid him $550 in cash, endorsed a note in the amount of $13,500 to him, and that Harvey assumed an indebtedness of $27,300 owed by Horton to the Federal Land Bank of Columbia, S.C., and that he transferred "stock to Harvey all as per the agreement." The alleged failure of consideration was failure to pay $35,500 in cash. Purvis, whose exception to the overruling of his general demurrer is before us, loaned Harvey $15,000 to pay on the purchase price and took a deed to secure debt from Harvey to secure the loan. Horton prays that this deed to secure debt be set aside for the reasons that no part of the $15,000 loaned by Purvis to Harvey was paid to him (Horton) on the purchase price; that Purvis had "notice of the fraud of said C. W. Harvey" and "was not a bona fide purchaser for value," and that the security deed which Purvis obtained over the defendant's land was a cloud on his title. He further charges that Purvis orally agreed to turn the $15,000 over to the lawyer handling the transaction to pay off certain liens and that he did not do so but turned it over to Harvey. He alleges that Harvey and Purvis "duped this defendant by this deep scheme before he executed the warranty deed, and both of them were equally eager to acquire this defendants [sic] property before and defendant suspected that J. G. Purvis was in some way interested therein, when he refused to pay the money over as agreed before; insisted on the Deed be [sic] recorded before he would pay out the money and then paid C. W. Harvey instead of as agreed and allowed, watched and acquiesced in the further unorthodox, suspicious, and [sic] maneuvers and manipulations of C. W. Harvey. . ." He alleges that Purvis is a necessary party, "he being in joint con-

spiracy with C. W. Harvey and not being a boni [sic] fide purchaser for value without notice. . ." These constitute all the allegations of fraud against Purvis individually, or in conspiracy with Harvey to defraud Horton of his land.

No cause of action is stated in a petition seeking cancellation of a deed on the ground of fraud which states mere legal conclusions of conspiracy, collusion and fraud with no facts alleged upon which to base them. *Budget Charge Accounts v. Peters,* 213 Ga. 17, 18 (2) (96 SE2d 887) ; see also *Mims v. Cooper,* 203 Ga. 421 (2a) (46 SE2d 909). The cross-bill in so far as it attempts to charge fraud to Purvis or conspiracy with Harvey to fraudulently induce Horton to convey his property to Harvey wholly fails to allege any facts upon which to base the conclusion that Purvis had acted fraudulently in any way. A brief resume of the facts alleged demonstrates this. Purvis was present in the lawyer's office with Harvey and Horton. The warranty deed and the deed to secure debt were prepared and executed and Purvis stated that he would not pay over the $15,000 to Harvey until the warranty deed from Horton to Harvey was recorded. The lawyer, Horton, Harvey, and Purvis went to the clerk's office and the warranty deed and the deed to secure debt were there recorded. With all present Purvis delivered to Harvey his check payable to Harvey. Horton made no protest. The parties parted. Harvey and Horton went to the bank where Harvey presented the check for payment and took the cash and put it in his pocket. Horton protested but Harvey said that this was his business. Horton then accompanied Harvey to a drug store to get the cash Harvey had agreed to pay Horton. Purvis was at the drug store. Harvey called Horton and Purvis to the back of the store where, in their presence, he got a brief case with money in it from a safe. Purvis left them, and Horton and Harvey went to Harvey's car where Harvey locked the brief case in the car trunk. Harvey then said that he had forgotten some of the money, went back into the drug store, picked up the $13,500 note, endorsed it, and gave it to Horton along with $550 cash. They started again for the lawyer's office but Harvey said he needed a drink so they went to a club. They left the club after about five minutes and

again headed for the lawyer's office. But Harvey went instead to his home, got out of the automobile, and told Horton and another person they had picked up to take the money to the lawyer's office. They drove to town, parked the car, opened the trunk of the car and found that the brief case was not there. They returned to Harvey's house and told him about it, to which he made no comment. The matter was reported to the police.

Two of Purvis' acts are charged as fraud. First, that he refused to pay over the $15,000 he was to lend Harvey until the deed to the land from Horton to Harvey, which covered the land described in the deed to secure debt, was recorded. A deed to secure debt from Harvey on land to which Harvey did not have title would be worthless. Purvis therefore acted wisely and not fraudulently in seeing that Harvey had title to the property before he made his loan. Second, Purvis is charged with failing to pay, as he had agreed, the $15,000 to the lawyers who were to pay off liens with it. When the deed and the deed to secure debt were recorded, Purvis issued his check for $15,000 payable to Harvey and in the presence of Horton and without a protest from him handed the check to Harvey. Purvis was lending the money to Harvey and properly made the check payable to Harvey. In order for the check to be cashed it was necessary that Harvey indorse it and therefore it had to pass through his hands. These acts by Purvis did not constitute misconduct or fraud on his part. Furthermore, Horton by standing silently by and making no protest waived any right he might have to later claim fraud.

The fact that Purvis was seen "meandering" around the bank when Harvey and Horton went there to cash the check is of no significance. Neither is the fact that he was in the drug store when Harvey and Horton went there for Harvey to get his money from the safe of any significance in this case. Horton does not charge that Purvis or Harvey individually or together had anything to do with the disappearance of the money from the car.

The petition fails to state any facts showing fraud or collusion to commit fraud upon the part of Purvis and therefore the trial

court erred in overruling Purvis' general demurrer to Horton's cross-bill which sought to cancel and set aside the deed to secure debt given by Harvey to Purvis.

*Judgment reversed. All the Justices concur.*