23038. HINSON v. HINSON.

Argued July 12, 1965—Decided September 13, 1965.

*Leon A. Wilson, II*, for plaintiff in error.

*Gibson, McGee & Blount, Lamar Gibson*, contra.

ALMAND, Justice. This is an action for the cancellation of a written instrument. J. B. Hinson brought the action against Gertrude Hinson in the Superior Court of Charlton County. In the amended petition it was alleged (the plaintiff in error's summary of the petition being accurate and complete, we adopt it as our statement of the petition): "Plaintiff sold and conveyed to defendant certain building lots in Pinehurst Subdivision with a deferred balance of the purchase price of $56,000 for which defendant executed a promissory note and deed to secure debt. The promissory note was recorded but the deed to secure debt was inadvertently lost or destroyed without recordation. On September 21, 1964, defendant procured plaintiff to execute a cancellation of the promissory note and deed to secure debt which was recorded. The petition sought to have the cancellation declared null and void, the promissory note and deed to secure debt declared in full force and effect, and plaintiff declared the owner of the real property. At the time of the purchase of the lots, it was contemplated by the parties that defendant would require a marketable title in order to arrange construction loans and financing for the purpose of building residences for sale to the general public. As grounds for declaring the cancellation void, the petition alleges that defendant represented to him that she proposed to sell Lots 1 and 2 in Block 15 of Pinehurst Subdivision with a residence to be constructed thereon, that the recorded promissory note ham-

pered the financing thereof, and that it was necessary that plaintiff execute and deliver the cancellation in order that defendant obtain financing on said lots which she proposed to sell. Defendant represented to plaintiff that as soon as she had obtained such financing, she would execute and deliver to him a new promissory note and deed to secure debt substantially in the form of those to be canceled. The petition alleges that defendant obtained the financing but refused to execute and deliver to plaintiff the new promissory note and deed to secure debt. The petition further alleges that the cancellation was wholly without consideration, that the indebtedness represented by the promissory note and secured by the deed to secure debt is unpaid and unsatisfied (with the exception of $1,000 paid by defendant to plaintiff for which two lots were released), that defendant is indebted to plaintiff in the sum of $55,000 thereon, and that plaintiff has no adequate remedy at law." The defendant's general demurrer to this petition was overruled. By bill of exceptions error is assigned on the order overruling the general demurrer.

The defendant's prime contention in this court is that the trial court erred in overruling the general demurrer because the allegations of fraud in the petition are insufficient to support an action for the cancellation of a written instrument.

■ Fraud will authorize a court of equity to set aside a written instrument. *Code* § 37-709. However the mere failure to comply with a promise to perform an act in the future is not fraud in a legal sense. *Pantone v. Pantone,* 203 Ga. 347 (46 SE2d 498) (two Justices not participating); *Jackson v. Brown,* 209 Ga. 78 (2) (70 SE2d 756); *Beach v. Fleming,* 214 Ga. 303, 306 (104 SE2d 427) (two Justices concurring specially). But when the failure to perform the promised act is coupled with the present intention not to perform, fraud, in the legal sense, is present. This is known as inceptive fraud, and is sufficient to support an action for cancellation of a written instrument. *Bucher v. Christopher,* 211 Ga. 317, 319 (85 SE2d 760); *Sutton v. McMillan,* 213 Ga. 90, 95 (97 SE2d 139). The rule is stated in *Smith v. Merck,* 206 Ga. 361, 370 (57 SE2d 326) where it is said: "Where the allegations of a peti-

tion show that the promise of the grantee was the consideration inducing execution of a deed, and that it was made with the present intention on the part of the grantee not to comply with it, such petition sets forth a cause of action for cancellation."

Tested by the above stated legal principles, the allegations of the petition in the case at bar are sufficient to support an action for the cancellation of the written instrument. It is alleged in the petition that in order to induce the plaintiff to execute an instrument authorizing the cancellation of a note and security deed, defendant promised plaintiff that as soon as financing on a portion of the land covered by the deed could be obtained she would execute a new note and security deed and at "the time that defendant represented and promised that she would execute and deliver to plaintiff such new note and deed to secure debt, she did not then intend so to do." It was further alleged that: "Defendant fails and refuses to execute and deliver to plaintiff such new note and deed to secure debt." As was said in *Sutton v. McMillan*, 213 Ga. 90, 95, supra: "Where, as here, the petition alleges that the promise of the grantee was the consideration inducing execution of the deeds, and that it was made with the present intention on the part of the grantee not to comply with it, such petition sets forth a cause of action for cancellation."

Defendant insists that the allegation in paragraph 14 of the petition which states: "At the time that defendant represented and promised that she would execute and deliver to plaintiff such new note and deed to secure debt, she did not then intend so to do" is a mere conclusion of fraud and does not state facts upon which to base the allegations of fraud. The case of *Purvis v. Horton*, 218 Ga. 52 (126 SE2d 213) is cited in support of this contention. In the *Purvis* case it was held that certain allegations made against Purvis were not allegations of fraud. The acts there alleged were wholly dissimilar from the allegations in the case at bar and that case does not support defendant's contention. The allegation in paragraph 14 is not a mere conclusion, but is an allegation of a specific fact. Defendant's contention to the contrary is without merit.

■ Lastly, it is urged that the instrument which plaintiff seeks to cancel is complete and unambiguous on its face and that its terms cannot be varied by parol evidence. This contention is patently without merit. The plaintiff is not attempting to contradict the terms of the written instrument but to show that the instrument is void because of fraud. In these circumstances the parol evidence rule does not apply. See *Johnson v. Sherrer*, 197 Ga. 392, 403 (29 SE2d 581) where it is said: "Parol evidence is admissible to show what appears to be a valid written contract is void because the complaining party was induced to execute it by the fraud of the other. *Code* § 38-503. The admission of such evidence does not violate the rule that parol contemporaneous evidence is generally inadmissible to vary the terms of a written instrument. *Code* § 38-501."

The trial court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*