24390. COLLINS v. MANLEY.

Argued November 15, 1967—Decided November 22, 1967.

*Wallace, Wallace & Driebe, Howard P. Wallace,* for appellant.
*Christopher & Futral, Claude Christopher, S. T. Ellis,* for appellee.

Mobley, Justice. The appeal is from a judgment sustaining general demurrers to a petition brought by Thomas J. Collins, appellant, against Mrs. Florence Price Manley, appellee, praying that an option to purchase or lease contract between the parties be specifically performed and the defendant be required to execute and deliver to the petitioner a deed to described land;

that a quitclaim deed made to the defendant by the petitioner be canceled as a cloud on his title; that a warranty deed dated January 31, 1959, be reformed as a security deed; and for other and further relief.

It is practically impossible to determine what facts are alleged, as the allegations are vague and confusing. However, without attempting to clear up the confusion, a determination of whether there are allegations of fraud, in the procurement of the quitclaim deed from the petitioner to the defendant, sufficient to state a cause of action for cancellation, decides the case. The petitioner concedes in his brief that, unless the allegations of fraud in procurement of the quitclaim deed state a cause of action for cancellation, a cause of action for specific performance of the "option or lease purchase contract" between him and the defendant is not stated and the court properly sustained the general demurrers.

So far as this petition alleges, the only interest the petitioner Collins had in the land at the time he executed the quitclaim deed was an option to purchase the property upon payment of $10,600 on or before February 1, 1962. The quitclaim deed was executed after the execution of the option on February 1, 1961, and delivered during May, 1961. Thus, if the quitclaim deed is valid and no cause of action for setting it aside is alleged, all interest of Collins in the land under the option agreement was divested by the quitclaim deed.

"It is well settled that a general allegation of fraud, . . . amounts to nothing—it is necessary that the complainant show, by specifications, wherein the fraud consists. Issuable facts must be charged." *Carter v. Anderson*, 4 Ga. 516, 519.

The petitioner at the time he executed the quitclaim deed knew, or is charged with knowledge, that any and all interest he might have in the property was being conveyed. He alleges that the defendant represented that if she increased the loan on the property from $7,500 to $10,000, she would have to have a quitclaim deed as additional security. The quitclaim deed does not show that it was given as security, or additional security. It is an unconditional grant of all his interest in the property. The allegations that she was not, in fact, concerned

about additional security, but "was merely attempting to fraudulently induce plaintiff and Hugh F. Price from any interest whatsoever in said property upon pretext of strengthening her security," are nothing more than legal conclusions of fraud with no facts alleged upon which to base them. See *Budget Charge Accounts, Inc. v. Peters*, 213 Ga. 17 (2) (96 SE2d 887); *Purvis v. Horton*, 218 Ga. 52 (126 SE2d 213). Thus the petition fails to allege a cause of action to cancel the quitclaim deed and the judgment sustaining the general demurrers to the petition was correct.

*Judgment affirmed. All the Justices concur.*