25189. SINGER v. CITY OF CORDELE et al.

Argued May 12, 1969—Decided May 22, 1969.

*Guy V. Roberts, Jr.*, for appellant.

*Joseph Andrews, Wright, Reddick & Faircloth, Graydon D. Reddick, Perry, Walters, Langstaff, Lippitt & Campbell, Robert B. Langstaff*, for appellees.

NICHOLS, Justice. ■ The charter of the City of Cordele gives the governing authority of said city the right to "purchase, hold, enjoy, receive, possess, and retain in perpetuity, lands, tenements, or hereditaments of any kind whatsoever within and without the corporate limits of said city for corporate purposes, and to sell, alien and convey, exchange or lease the same." Ga. L. 1922, pp. 680, 682.

In *Adams v. City of Rome*, 59 Ga. 765, 769, it was held that

the language "sell, alien, exchange, lease, convey in any manner whatsoever" could not be limited without at the same time limiting like provisions in the charter to acquire property. In *Byrd v. City of Alma*, 166 Ga. 510 (143 SE 767), a like power in the charter of that city was held not affected by the Act of 1925 (Ga. L. 1925, p. 177), codified as *Code Ch.* 91-9, which requires advertisement and possible vote by the voters of the city before a city council may sell city-owned real property. Thus, the power of the City of Cordele to sell its electrical distribution system was a discretionary matter for the consideration of the governing authority of the city, and not an ultra vires act as alleged in the plaintiff's petition.

(a) Nor is the proposed granting of a franchise an ultra vires act. See Ga. L. 1962, p. 140 (*Code Ann.* § 69-310 (e)); Ga. L. 1922, pp. 680, 711.

■ The next question for consideration is whether the plaintiff's petition was sufficient to withstand the defendant's motions to dismiss as failing to state a claim for the relief sought (an injunction prohibiting the sale of the electrical system based upon allegations attempting to show a gross abuse of discretion on the part of the city council.)

In *Lewis Motor Co. v. Mayor &c. of Savannah*, 210 Ga. 591 (82 SE2d 132), it was held: "3. 'When a municipal corporation is, by its proper officers, acting within the scope of its powers, a court of equity will not, at the instance of the taxpayers of the corporation, interfere to restrain or control its action, on the ground that the same is unwise or extravagant. To sustain such interference, it must appear, either that the act is ultra vires or fraudulent and corrupt.' *Wells v. Mayor &c. of Atlanta*, 43 Ga. 67 (2). 4. 'The business affairs of a municipality are committed to the corporate authorities, and the courts will not interfere except in a clear case of mismanagement or fraud.' *McMaster v. Mayor &c. of City of Waynesboro*, 122 Ga. 231 (5) (50 SE 122). See also *Barr v. City Council of Augusta*, 206 Ga. 753 (58 SE2d 823); *Code* § 69-203. 5. 'Where a municipal board is authorized to do a particular act in its discretion, the courts will not control this discretion unless manifestly abused, nor inquire into the propriety, econ-

omy and general wisdom of the undertaking, or into the details of the manner adopted to carry the matter into execution.' *Chipstead v. Oliver*, 137 Ga. 483 (2) (73 SE 576). See also *Ashley v. City of Greensboro*, 206 Ga. 800, 805 (58 SE2d 815)."

A gross abuse of discretion as respects a governing authority has been held to mean such an arbitrary and unreasonable act or conclusion as to shock the sense of justice and indicate lack of fair and careful consideration. See Mullins v. Board of Education of Etowah County, 249 Ala. 44 (29 S2d 339). Such allegations are no more than an attempt to allege that the purported contract is unconscionable and such allegations must be construed as an attempt to allege fraud. See *Martin v. Approved Bancredit Corp.*, 224 Ga. 550, 552 (163 SE2d 885). Being an attempt to allege fraud—then, by the express terms of the Civil Practice Act—the fraud relied on must be alleged with particularity.

The allegations of the plaintiff's petition are that the "book value" of the electrical system is $375,000, while the sale price is $300,000, that the purported purchaser "Crisp County Power Commission" is presently indebted to the city in the sum of $675,000. The terms of the purported contract are not set forth and thus the petition does not show what provisions have been made for the payment of the alleged indebtedness. However, an audit is attached to the petition which shows a genuine dispute between the city and the power commission as to such indebtedness. Since neither the terms of the contract for the sale of the electrical distribution system nor the terms of the franchise agreement are set forth, it cannot be said that the petitioner alleges with particularity that the action of the city council is such an abuse of discretion as to be fraudulent or corrupt.

Accordingly, the judgment sustaining the motions to dismiss the plaintiff's petition shows no reversible error.

■ Since the judgment finally disposing of the case was correct, the remaining question presented by the appeal as to whether the trial court erred in permitting the intervention, becomes moot.

*Judgment affirmed. All the Justices concur.*