## 46731. CANDLER v. CLOVER REALTY COMPANY et al.

CLARK, Judge. This suit was brought by Clover Realty Company, a licensed real estate broker, against ten individuals and three corporations. It was filed in three counts, one being for contract, the second for quantum

meruit, and the third on the basis of an alleged conspiracy among all of the defendants to defraud the broker of its real estate commissions. As to Candler, the sole appellant, there is no prayer for judgment against him in either of the contractual or quantum meruit counts. In the tort count based on the alleged fraudulent conspiracy to deprive the Clover Realty Co. of its alleged commissions of $185,000 and for punitive damages of $550,000 "as a result of the malicious and intentional torts of said defendants," Candler is for the first and only time included in the ad damnum.

Candler filed defensive pleadings, including a motion to dismiss for failure to state a claim against him. This motion, along with similar motions to dismiss filed by another individual defendant and by two corporate defendants, was argued with the result that the trial court entered an order requiring plaintiff to amend Count 3 to allege fraud with sufficient particularity as to these four specified defendants, including Candler.

Clover Realty Co. filed an amendment to Count 3 in an effort to meet the trial court's directive. After hearing further argument the judge below overruled the motion to dismiss filed by Candler and by three of the other defendants. Candler alone took this appeal.

The first question confronting us is to determine if the amended Count 3 complied with the requisites demanded under *Code Ann.* § 81A-109 (b), which states that "in all averments of fraud, or mistake, the circumstance constituting fraud or mistake shall be stated with particularity."

Although our Civil Practice Act generally requires only "(1) a short and plain statement of the claim (2) showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which he deems himself entitled" (*Code Ann.* § 81A-108), there are some exceptions such as this requirement concerning pleading fraud which was not changed by the Civil Practice Act.

As long ago as 1848 in *Carter v. Anderson,* 4 Ga. 516, 519,

our Supreme Court said: "It is well settled that a general allegation of fraud, in a bill, amounts to nothing—it is necessary that the complainant show, by specifications, wherein the fraud consists. *Issuable facts must be charged.*" (Emphasis supplied.) This rule is still the law in Georgia. *Sellers v. Johnson,* 207 Ga. 644 (63 SE2d 904); *Budget Charge Accounts, Inc. v. Peters,* 213 Ga. 17 (96 SE2d 887); *Collins v. Manley,* 223 Ga. 816, 817 (158 SE2d 235). And see particularly *Singer v. City of Cordele,* 225 Ga. 323 (2) (168 SE2d 138); *Beckwith v. Peterson,* 227 Ga. 403 (1) (181 SE2d 51), and *J. G. T., Inc. v. Brunswick Corp.,* 119 Ga. App. 719 (2b) (168 SE2d 847), holding that this requirement obtains to the same extent under the Civil Practice Act.

A careful scrutiny of Count 3, as amended, indicates that the plaintiff below failed to meet this requirement and did not plead issuable facts showing fraud by Candler.

It should be noted in Counts 1 and 2 that no claim for damages is made against Candler. It should further be noted that the pleadings clearly show Candler was acting only as an agent for a disclosed principal, Medical Fund, Inc. This principal is not named as a party defendant.

"Where an agent acts for a disclosed principal within the scope of his authority, the actions are those of the principal, who is alone liable in contract unless the agent has also assumed personal liability." *National City Bank of Rome v. Graham,* 105 Ga. App. 498 (1b) (125 SE2d 223). As is stated on page 502 of that opinion: "It is equally well settled in this jurisdiction that where the agent acts for a disclosed principal, within the scope of his authority, the actions are those of the principal, who is alone liable unless the agent has assumed personal liability also. The original petition charged that the defendant National City Bank of Rome was acting as agent within the scope of its authority for the owner of the property, who was disclosed. Under these circumstances the original petition stated no cause of action against the Na-

tional City Bank of Rome. *Hill v. Daniel,* 52 Ga. App. 427 (2), 428 (183 SE 662), and authorities there cited. See also *Petretes v. Atlanta Loan &c. Co.,* 161 Ga. 468 (2) (131 SE 510)." In accord see *Code* § 4-406 and *Tiller v. Spradley,* 39 Ga. 35.

*Judgment reversed. Hall, P. J., and Eberhardt, J., concur.*

ARGUED NOVEMBER 3, 1971—DECIDED JANUARY 10, 1972.

*Mundy, Gammage & Cummings, William W. Mundy,* for appellant.

*Lewis, Lewis, Spearman & Bynum, Willam Lewis Spearman,* for appellees.